IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FARMERS NEW CENTURY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PRAFUL DESAI and NATALIE FONTANA,<br><br>Defendants. | 2:20-cv-930-NR |

## MEMORANDUM ORDER

Farmers has filed this action under the Declaratory Judgment Act, seeking a declaration on its coverage obligations under the Special Umbrella Policy that it issued to Dr. Praful Desai. Natalie Fontana moves to dismiss this action. She argues that this Court should decline to exercise its jurisdiction because there is a pending parallel proceeding in the Westmoreland County Court of Common Pleas. After carefully considering the parties' arguments, the Court finds that state court is the proper forum for this dispute, and will therefore decline to exercise jurisdiction.

Federal courts have "substantial" discretion in deciding whether to hear declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "Rather than being subject to the normal principle that federal courts should adjudicate claims within their jurisdiction, district courts exercising DJA discretion are governed by considerations of practicality and wise judicial administration." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) (cleaned up).

In exercising its discretion, the "threshold question" for the Court is "whether there is a pending parallel state proceeding, such that there is a

- 1 -

presumption for or against the exercise of DJA discretion." *Liberty Ins. Corp. v. Higginbotham*, No. 16-38, 2016 WL 1161228, at *4 (W.D. Pa. Mar. 24, 2016) (Cercone, J.). While that question is not dispositive, it warrants "increased emphasis." *Reifer*, 751 F.3d at 139. In fact, "[t]he existence of a parallel state proceeding militates significantly in favor of declining jurisdiction[.]" *Id.* at 144-45.

Here, there is a parallel state proceeding pending in the Westmoreland County Court of Common Pleas. [ECF 6-2]. "A parallel state proceeding is a pending matter involving the same parties and presenting the opportunity for ventilation of the same state law issues." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 284 (3d Cir. 2017) (cleaned up). Relevant factors to consider include "the scope of the state court proceeding, the claims and defenses asserted, and whether necessary parties had been or could be joined." *Id.*

The Westmoreland County proceeding involves the same parties—Farmers, Ms. Fontana, and Dr. Desai.

It also involves identical issues. Count I of the Westmoreland County proceeding seeks a declaratory judgment that Farmers "violated [its] obligations under the applicable policy of insurance" because it refuses to fulfill its "contractual duty to provide coverage for the full amount for which Dr. Desai was insured." [ECF 6-2, ¶ 57]. The complaint here seeks a declaration that "there is no coverage under the Farmers Special Umbrella Policy," that "Farmers has no duty to indemnify [Dr. Desai], or any other party," and that even if there is a duty to indemnify, "the Limits of Liability provisions in the Farmers Special Umbrella Policy operate to limit liability coverage available thereunder." [ECF 1, p. 10]. The resolution of the coverage issues in the state-court proceeding will therefore necessarily resolve the coverage issues presented here, making these actions "parallel." *See, e.g., State Farm Mut.*

*Auto. Ins. Co. v. Biddle*, No. 13-284, 2016 WL 212496, at *8 (W.D. Pa. Jan. 19, 2016) (Cercone, J.) (declining to exercise jurisdiction where "there clearly is parallel litigation which will inform the inquiry presented by State Farm's request for declaratory judgment" in coverage-related action); *AIM NationaLease v. Genuine Parts Co.*, No. 12-480, 2012 WL 3127179, at *2-3 (W.D. Pa. July 31, 2012) (Bissoon, J.) (finding parallel state-court proceeding where cases involved "identical state law issues").

To persuade the Court to retain jurisdiction, Farmers makes two arguments related to the state-court proceeding, neither of which is ultimately persuasive.

First, Farmers argues that the state-court proceeding is not "substantially similar" to this action because Ms. Fontana alleged additional causes of action (*e.g.*, bad faith, unfair trade practices, professional negligence/vicarious liability, and breach of contract) that are not at issue here. [ECF 14, pp. 8-9]. Even so, Farmers does not argue—nor could it—that the Westmoreland County Court of Common Pleas cannot resolve the issues here. Whether the state court also resolves other, additional issues is irrelevant to the present analysis.

Second, Farmers argues that the Court should disregard the parallel state-court proceeding because Ms. Fontana filed it after Farmers sued in this Court. But "the Third Circuit addressed this precise scenario" and "concluded that it was 'irrelevant that [a] state declaratory judgment petition was filed after its counterpart in the District Court.'" *Allstate Fire & Cas. Ins. Co. v. Archer*, No. 17-331, 2018 WL 2538859, at *6 (W.D. Pa. June 4, 2018) (Hornak, J.) (quoting *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000)); *see also Esurance Ins. Co. v. Bowser*, 710 F. App'x 110, 111-12 (3d Cir. 2018) ("There is no doubt that action constitutes a parallel state proceeding, and it is

irrelevant that the state declaratory judgment petition was filed after its counterpart in federal court[.]") (cleaned up).  It is of greater concern that "the state's interest in resolving its own law must not be given short shrift simply because one party or indeed, both parties, perceive some advantage in the federal forum."  *Summy* 234 F.3d at 136.  "This is especially important in insurance coverage cases."  *Id.*  Thus, the fact that Ms. Fontana filed the parallel state-court proceeding after Farmers began this action does not tip the scales in favor of this Court retaining jurisdiction.

To overcome the "increased emphasis" the Court must place on the existence of this parallel state-court proceeding, Farmers must show that countervailing factors favor retaining jurisdiction.  *See Reifer*, 751 F.3d at 144-45 (finding that "as part of exercising sound and reasoned discretion, district courts exercising jurisdiction should be rigorous in ensuring themselves that the existence of pending parallel state proceedings is outweighed by opposing factors.").

The factors that the Third Circuit has instructed district courts to consider include those identified below.  *See id.* at 146 (identifying eight considerations).  As applied here, the considerations are irrelevant, neutral, or favor adjudicating this dispute in state court.  None of them counsel in favor of the retention of federal jurisdiction.

(1) **The likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy.**  Neutral.  A federal-court declaration will resolve the coverage issues, but so will a state-court declaration.

(2) **The convenience of the parties.**  Neutral.  Farmers concedes that neither party will face greater inconvenience by litigating in

the Westmoreland County Court of Common Pleas rather than federal court. [ECF 14, p. 9].

(3) **The public interest in settlement of the uncertainty of obligation.** Favors state court. "The public interest will not be better served by the federal court deciding the insurance coverage issue when the state court, which has more familiarity with the underlying cases, can equally well decide the issue." *Burke-Dice v. Gov't Employees Ins. Cos.*, No. 17-3198, 2017 WL 3485873, at *4 (E.D. Pa. Aug. 15, 2017) (cleaned up).

(4) **The availability and relative convenience of other remedies.** Favors state court. There is the pending state-court action that can resolve the parties' disputes.

(5) **A general policy of restraint when the same issues are pending in a state court.** Favors state court. "[F]ederal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." *Atl. Mut. Ins. Co. v. Gula*, 84 F. App'x 173, 1764 (3d Cir. 2003) (citation omitted). Farmers argues that this consideration favors retaining jurisdiction because the issues here do "not involve an unsettled question of state law or implicate an important public policy issue." [ECF 14, p. 9]. But "where state law is firmly established," there is "even less reason for resort to the federal courts." *State Farm Mut. Auto. Ins. Co. v. Biddle*, No. 13-824, 2016 WL 212496, at *9 (W.D. Pa. Jan. 19, 2016) (Cercone, J.) (cleaned up; citing *Summy*, 234 F.3d at 135-36).

(6) **Avoidance of duplicative litigation.** Favors state court. "A federal court should … decline to exercise its discretionary

>   jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." *Summy*, 234 F.3d at 135. That is precisely the result that flows from declining jurisdiction and permitting the action pending in the Westmoreland County Court of Common Pleas to proceed.

(7) ***Prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata.*** Irrelevant. The parties have not provided any record or course of communications between them to establish procedural fencing.

(8) ***In the insurance context, an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.*** Irrelevant. The duty to defend is not implicated.

In sum, application of the foregoing factors cannot overcome the strong interest in litigating Plaintiff's claim during the pending state-court action. As such, the Court declines to exercise jurisdiction under the Declaratory Judgment Act. The Court, however, will not dismiss this action, but instead will stay it, pending resolution of the state-court proceeding. *See Wilton*, 515 U.S. at 288 n.2 ("We note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.").

Case 2:20-cv-00930-NR   Document 18   Filed 12/01/20   Page 7 of 7

- 7 -

**AND NOW**, this 1st day of December, 2020:

**IT IS HEREBY ORDERED** that Ms. Fontana's Motion to Dismiss [ECF 6] is denied.  However, consistent with the above analysis, this case is stayed until resolution of the action pending in the Westmoreland County Court of Common Pleas.  The Clerk of Court shall mark this case as administratively closed, subject to any party filing a motion to re-open if the state-court action is withdrawn or fails to resolve the matter in controversy.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge
